**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILLIAM BOOMHOWER,   ) | Civil Action: 17-12196 |
|      Plaintiff,   ) | |
| )  | |
| v.   ) | |
| )  | |
| TOYOTA MOTOR ENGINEERING &   ) | |
| MANUFACTURING NORTH AMERICA, INC.,   ) | |
| TOYOTA MOTOR SALES, U.S.A., INC., and   ) | |
| IRA AUTOMOTIVE GROUP, LLC   ) | |
|      Defendants.   ) | |

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, William Boomhower, by the undersigned attorney, as and for his complaint herein alleges as follow:

**Preliminary Statement**

1.        This is a civil action arising out of serious personal injury sustained by the Plaintiff, William Boomhower, on October 11, 2016, when the rear bumper of his 2016 Toyota Tundra Truck, came loss to defective rear bumper reinforcement brackets, that was designed/manufactured/distributed by Defendant Toyota Motor Sales, U.S.A., Inc. and Defendant Toyota Motor Engineering & Manufacturing North America, Inc., and sold to the Plaintiff by Defendant Ira Automotive Group, LLC.

**Parties**

2.        At all times relevant herein, Plaintiff William Boomhower is a citizen of Essex County, State of Massachusetts, and resides at 15 Johnson Street, Saugus, Massachusetts 01906.

3.        At all relevant times herein, Defendant Ira Automotive Group, LLC ("Ira") is a domestic limited liability company with its principal place of business at 800 Gessner,

Suite 500, Houston, Texas 77024, with a Massachusetts office located at 99 Andover Street, Danvers, Massachusetts 01923, and with a Register Agent, Capital Corporate Services, Inc., located at 44 School Street, Suite 325, Boston, Massachusetts 02108.

4.      At all relevant times herein, Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota U.S.A.") is a domestic for-profit corporation with its principal place of business at 6565 Headquarters Drive, #W1-3C, Plano, Texas 75024, and with a Registered Agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

5.      At all relevant times herein, Defendant Toyota Motor Engineering & Manufacturing ("TEMA") is a domestic for-profit corporation with its principal place of business at 6565 Headquarters Drive, #W1-3C, Plano, Texas 75024, and with a Registered Agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## Jurisdiction and Venue

6.      Jurisdiction over Defendant Ira is proper under due process clauses of the Fifth and Fourteenth Amendments to the Constitution of  the United States of America and under the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, §6, as Defendant Ira, regularly transacted, engaged in and derived revenue from business operations, including the sale of automobiles and related components, in Massachusetts; it contracted to supply automobiles and related components in Massachusetts; it caused injuries and damage to the Plaintiff due to acts and/or omissions which occurred in whole or in part within Massachusetts; and it placed automobiles and related products into the stream of

commerce, with actual or constructive knowledge that those automotive products and related components would be eventually found in Massachusetts.

7.     Jurisdiction over Defendant Toyota U.S.A. is proper under due process clauses of the Fifth and Fourteenth Amendments to the Constitution of  the United States of America and under the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, §6, as Defendant Ira, regularly transacted, engaged in and derived revenue from business operations, including the sale of automobiles and related components, in Massachusetts; it contracted to supply automobiles and related components in Massachusetts; it caused injuries and damage to the Plaintiff due to acts and/or omissions which occurred in whole or in part within Massachusetts; and it placed automobiles and related products into the stream of commerce, with actual or constructive knowledge that those automotive products and related components would be eventually found in Massachusetts.

8.     Jurisdiction over Defendant TEMA is proper under due process clauses of the Fifth and Fourteenth Amendments to the Constitution of  the United States of America and under the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, §6, as Defendant Ira, regularly transacted, engaged in and derived revenue from business operations, including the sale of automobiles and related components, in Massachusetts; it contracted to supply automobiles and related components in Massachusetts; it caused injuries and damage to the Plaintiff due to acts and/or omissions which occurred in whole or in part within Massachusetts; and it placed automobiles and related products into the stream of commerce, with actual or constructive knowledge that those automotive products and related components would be eventually found in Massachusetts.

9.       Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

10.      Jurisdiction is based upon the diversity jurisdiction statute, 28 U.S.C. §1332, which is satisfied because: (1) Plaintiff's damages exceed $75,000; and the (2) Defendant are foreign corporation doing business in the Commonwealth of Massachusetts.

## Facts

11.      Prior to and at all relevant time periods, Defendant Ira has maintained a place of business at 99 Andover Street, Danvers, Massachusetts 01923 and has been selling Toyota motor vehicles and related parts under the name Ira Toyota/Ira Toyota of Danvers.

12.      Prior to September 21, 2016, the Plaintiff purchased a 2016 Toyota Tundra Truck ("Truck") from the Defendant Ira at Ira Toyota located in Danvers, Massachusetts.

13.      At all times relevant herein, Defendant Toyota U.S.A. is responsible for the marketing, sales, and distribution in the United States of Toyota automobiles, including the Truck the Plaintiff purchased.

14.      At all times relevant herein, Defendant TEMA is responsible for engineering design and development, research and development, and manufacturing activities in the U.S., Mexico, and Canada, which includes the engineering design and development, research and development, and manufacturing activities for the Truck the Plaintiff purchased.

15.      On or around September 21, 2016 Mr. Boomhower employed reasonable care while using the Truck for its ordinary purpose by mounting the cargo bed with the assistance of the rear bumper.

16.     As Mr. Boomhower climbed into the Truck's bed, the rear bumper detached from the vehicle, causing Mr. Boomhower to fall and break two bones-one in his right hand and one in his right wrist.

17.     In or around October 2016, Mr. Boomhower brought his Truck to Defendant Ira, and he was informed that the rear bumper contained faulty parts.

18.     Defendant Ira refused to fix the Truck unless Mr. Boomhower paid for the replacement parts.

19.     On January 24, 2017, the National Highway Traffic Safety Administration ("NHTSA") issued Recall Number 17V-051 for the 2016-2017 Toyota Tundra Truck, naming Toyota Motor Engineering & Manufacturing has the "Manufacturer Name".

20.     The description of the defect was "The subject vehicles are equipped with resin rear step bumpers and resin reinforcement brackets at the outboard corners.  In the event of a longitudinal impact to the bumper, the resin bracket may become damaged.  If this were to occur and a person steps on the corner of the bumper, a portion of the bumper may break away, which could cause the person to fall, increasing the risk of injury."

21.     The 2016-2017 Toyota Tundra has two options for the rear step bumper's reinforcement brackets, either resin or steel, and of the Defendants were aware that steel was a safer option for the rear bumper of the subject trucks.

22.     It appears that the Defendants opted for the less safe, resin brackets in an attempt to boost profits.

23.     In February 2017, Defendants Ira and Toyota U.S.A. contacted Mr. Boomhower, informing him of the January recall and not to step on the rear bumper.

## Count I- Negligence
(As to Defendant Ira)

24.     The Plaintiff re-alleges and repeats each and every allegation contained in

Paragraphs 1-23 and incorporates each as if fully set forth herein.

25.     Defendant Ira was negligent with respect to the inspecting and selling of the

Truck with the defective rear bumper.

26.     At all times relevant hereto, Defendant Ira has a duty to protect the Plaintiff from

the injury that is the basis of this Complaint.

27.     Defendant Ira failed to perform that duty, and injury and damages to the Plaintiff

were proximately cause by such failure.

28.     Defendant Ira failed to warn the Plaintiff of the information that it had in its

possession, custody and control regarding the functionality and defectiveness of the rear

resin bumper of the 2016 Toyota Tundra truck that it sold to the Plaintiff.

29.     As the direct and proximate result of Defendant Ira's negligence, the Plaintiff

sustained severe physical injury, suffered and continues to suffer great pain of body and

anguish of mind, required hospital care and treatment, incurred medical expenses; Mr.

Boomhower's ability to engage in normal and usual activities has been adversely

affected, since he suffered from broken bones in his dominant hand due to the defect.

**WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against

Defendant Ira Automotive Group, LLC in such amount that the Court may deem just and proper,

plus interest, costs, and attorney's fees in such amount as that which the Plaintiff may be entitled.

### Count II – Breach of Warranty
(As to Defendant Ira)

30.     Plaintiff re-alleges and repeats each and every allegation contained in Paragraphs
1-29 and incorporates each as if fully set forth herein.

31.     Defendant Ira impliedly warranted pursuant to M.G.L. c. 106, §2-314 to the
Plaintiff that the Truck and its component parts were merchantable, safe and fit for
ordinary purpose.  Defendant Ira is a merchant with respect to goods of the kind involved
in this matter.  The truck and its component parts (rear bumper) and the product warnings
and instructions were defective, therefore the Truck and its component parts were not, in
fact, merchantable, safe and fit as warranted by Defendant Ira, therefore Defendant Ira
breached these warranties to the Plaintiff.

32.     Defendant Ira impliedly warranted pursuant to M.G.L. c. 106, sec. 2-315 to the
Plaintiff that the Truck and its component parts were merchantable, safe and fit for
ordinary purposes.  Defendant Ira is a seller with respect to goods of the kind involved in
this matter.  The Truck, component parts of the product and the product warnings and
instructions were defective, and therefore the product was not, in fact, merchantable, safe
and fit as warranted by Defendant Ira, therefore Defendant Ira breached these warranties
to the Plaintiff.

33.     As the direct and proximate result of Defendant Ira's breach of warranty, the
Plaintiff sustained severe physical injury, suffered great pain of body and anguish of
mind, required hospital and medical care and treatment, incurred medical expenses, and
his ability to engage in normal and usual activities has been adversely since he suffered
from broken bones in his dominant hand due to the defect..

**WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against

Defendant Ira Automotive Group, LLC in such amount that the Court may deem just and proper,

plus interest, costs, and attorney's fees in such amount as that which the Plaintiff may be entitled.

<u>**Count III – Negligence**</u>
(As to Defendant Toyota)

34.      Plaintiff re-alleges and repeats each and every allegation contained in Paragraphs

1-33 and incorporates each as if fully set forth herein.

35.      Defendant Toyota was negligent with respect to the designing, manufacturing,

testing, inspecting, distributing, and selling of the 2016 Toyota Tundra Truck and the

resin rear bumper and resin reinforcement brackets.

36.      At all times relevant hereto, Defendant Toyota has a duty to protect the Plaintiff

from the injury that is the basis of this Complaint.

37.      Defendant Toyota failed to perform that duty, and injury and damages to the

Plaintiff were proximately caused by such failure.

38.      Defendant Toyota failed to warn the Plaintiff of the information that it had in its

possession, custody and control regarding the functionality and defectiveness of its

product prior to the 2016 Toyota Tundra Truck and the rear bumper and resin

reinforcement brackets being distributed within the Commonwealth of Massachusetts and

prior to the defective component's being sold to the Plaintiff.

39.      As the direct and proximate result of Defendant Toyota's negligence, the Plaintiff

sustained severe physical injury, suffered and continues to suffer great pain of body and

anguish of mind, required hospital care and treatment, incurred medical expenses; Mr.

Boomhower's ability to engage in normal and usual activities has been adversely

affected, since he suffered from broken bones in his dominant hand due to the defect.

**WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against Defendant Toyota Motor Sales, U.S.A., Inc., in such amount that the Court may deem just and proper, plus interest, costs, and attorney's fees in such amount as that which the Plaintiff may be entitled.

<u>**Count IV – Breach of Warranty**</u>
(As to Defendant Toyota)

40.      Plaintiff re-alleges and repeats each and every allegation contained in Paragraphs 1-39 and incorporates each as if fully set forth herein.

41.      Plaintiff notified Defendant Toyota of a breach of warranty via Notice of Claim and Demand for Settlement on April 24, 2017 via a letter, a reasonable time after discovering the breach.

42.      Defendant Toyota impliedly warranted pursuant to M.G.L. c. 106, §2-314 to the Plaintiff that the Truck and its component parts were merchantable, safe and fit for ordinary purpose.  Defendant Toyota is a merchant with respect to goods of the kind involved in this matter.  The truck and its component parts (rear bumper) and the product warnings and instructions were defective, therefore the Truck and its component parts were not, in fact, merchantable, safe and fit as warranted by Defendant Toyota, therefore Defendant Toyota breached these warranties to the Plaintiff.

43.      Defendant Toyota impliedly warranted pursuant to M.G.L. c. 106, sec. 2-315 to the Plaintiff that the Truck and its component parts were merchantable, safe and fit for ordinary purposes.  Defendant Toyota is a seller with respect to goods of the kind involved in this matter.  The Truck, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact,

merchantable, safe and fit as warranted by Defendant Toyota, therefore Defendant Toyota breached these warranties to the Plaintiff.

44.     Defendant Toyota, the manufacturer of the defective component, has a duty to inspect and test its products, where the nature of the product is such that injury is foreseeable if the product is defective.  Defendant Toyota's duty to inspect extends to products manufactured by another which are component parts of the automobile it produced.

45.     Upon information and belief, Defendant Toyota breached its duty to inspect and test this model of Truck, and its rear bumper components, and the Plaintiff suffered injury as a result.

46.     Upon information and belief, Defendant Toyota, at the time of contracting, had reason to know that the Truck and rear bumper components that they were selling was defective and not fit for the particular purpose for which was required.

47.     At all times relevant hereto, Defendant Toyota warranted that the subject Truck and rear bumper components were fit for its intended use.  The Plaintiff relied on said warranty and Defendant Toyota's judgment to select, and test, proper rear bumper components and, as a result, suffered injury and loss.

48.     As the direct and proximate result of Defendant Toyota's breach of warranty, the Plaintiff sustained severe physical injury, suffered great pain of body and anguish of mind, required hospital and medical care and treatment, incurred medical expenses, and his ability to engage in normal and usual activities has been adversely affected, since he suffered from broken bones in his dominant hand due to the defect..

**WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against Defendant Toyota Motor Sales, U.S.A., Inc., in such amount that the Court may deem just and proper, plus interest, costs, and attorney's fees in such amount as that which the Plaintiff may be entitled.

### Count V – Negligence
(As to Defendant TEMA)

49.     Plaintiff re-alleges and repeats each and every allegation contained in Paragraphs 1-48 and incorporates each as if fully set forth herein.

50.     Defendant TEMA was negligent with respect to the designing, manufacturing, testing, inspecting, distributing, and selling of the 2016 Toyota Tundra Truck and the rear bumper and resin reinforcement brackets.

51.     At all times relevant hereto, Defendant TEMA has a duty to protect the Plaintiff from the injury that is the basis of this Complaint.

52.     Defendant TEMA failed to perform that duty, and injury and damages to the Plaintiff were proximately caused by such failure.

53.     Defendant TEMA failed to warn the Plaintiff of the information that it had in its possession, custody and control regarding the functionality and defectiveness of its product prior to the 2016 Toyota Tundra Truck and the rear bumper and resin reinforcement brackets being distributed within the Commonwealth of Massachusetts and prior to the defective component's being sold to the Plaintiff.

54.     As the direct and proximate result of Defendant TEMA's negligence, the Plaintiff sustained severe physical injury, suffered and continues to suffer great pain of body and anguish of mind, required hospital care and treatment, incurred medical expenses; Mr.

Boomhower's ability to engage in normal and usual activities has been adversely affected, since he suffered from broken bones in his dominant hand due to the defect.

**WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against Defendant Toyota Motor Engineering & Manufacturing North America, Inc., in such amount that the Court may deem just and proper, plus interest, costs, and attorney's fees in such amount as that which the Plaintiff may be entitled.

<u>**Count VI – Breach of Warranty**</u>
(As to Defendant TEMA)

55.    Plaintiff re-alleges and repeats each and every allegation contained in Paragraphs 1-54 and incorporates each as if fully set forth herein.

56.    Defendant TEMA impliedly warranted pursuant to M.G.L. c. 106, §2-314 to the Plaintiff that the Truck and its component parts were merchantable, safe and fit for ordinary purpose.  Defendant TEMA is a merchant with respect to goods of the kind involved in this matter.  The truck and its component parts (rear bumper) and the product warnings and instructions were defective, therefore the Truck and its component parts were not, in fact, merchantable, safe and fit as warranted by Defendant TEMA, therefore Defendant Toyota breached these warranties to the Plaintiff.

57.    Defendant TEMA impliedly warranted pursuant to M.G.L. c. 106, sec. 2-315 to the Plaintiff that the Truck and its component parts were merchantable, safe and fit for ordinary purposes.  Defendant TEMA is a seller and designer with respect to goods of the kind involved in this matter.  The Truck, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Defendant TEMA, therefore Defendant TEMA breached these warranties to the Plaintiff.

58.      Defendant TEMA, the designer/manufacturer of the defective component, has a
duty to inspect and test its products, where the nature of the product is such that injury is
foreseeable if the product is defective.  Defendant TEMA's duty to inspect extends to
products manufactured by another which are component parts of the automobile it
produced.

59.      Upon information and belief, Defendant TEMA breached its duty to inspect and
test this model of Truck, and its resin rear bumper components, and the Plaintiff suffered
injury as a result.

60.      Upon information and belief, Defendant TEMA, at the time of contracting, had
reason to know that the Truck and resin rear bumper components that they were selling
was defective and not fit for the particular purpose for which was required.

61.      At all times relevant hereto, Defendant TEMA warranted that the subject Truck
and resin rear bumper components were fit for its intended use.  The Plaintiff relied on
said warranty and Defendant TEMA's judgment to select, and test, proper rear bumper
components and, as a result, suffered injury and loss.

62.      As the direct and proximate result of Defendant TEMA's breach of warranty, the
Plaintiff sustained severe physical injury, suffered and continues to suffer great pain of
body and anguish of mind, required hospital care and treatment, incurred medical
expenses; Mr. Boomhower's ability to engage in normal and usual activities has been
adversely affected, since he suffered from broken bones in his dominant hand due to the
defect.

**WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against
Defendant Toyota Motor Engineering & Manufacturing North America, Inc.in such amount that

the Court may deem just and proper, plus interest, costs, and attorney's fees in such amount as

that which the Plaintiff may be entitled.

      **WHEREFORE**, the Plaintiff, William Boomhower, demands judgment against the

Defendants, Ira Automotive Group, LLC and Toyota Motor Sales, U.S.A., Inc., and Toyota

Motor Engineering & Manufacturing North America, Inc., in amounts sufficient to compensate

the Plaintiff for his loss and damages, together with interest and costs.

**<u>PLAINTIFF CLAIMS A TRIAL BY JURY</u>**

Respectfully submitted,
The Plaintiff,
William Boomhower,
By and through counsel,


**<u>/s/ Marc E. Chapdelaine</u>**
Marc E. Chapdelaine (BBO# 655649)
Chapdelaine Law Office, P.C.
325 Central Street
Saugus, MA 01906
(781) 233-1988
marc@chapdelainelaw.com

Dated: November 11, 2017

14